IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VICTOR BURNS, #291796, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-0775 |
| ) | |
| CORIZON, INC. *et al.*, ) | Judge Trauger |
| ) | |
| Defendants, ) | |

## ORDER

Plaintiff Victor Burns, an inmate in the custody of the Arizona Department of Corrections, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against defendants Corizon, Inc., numerous Corizon employees based in both Arizona and Tennessee, and other individuals who are employed by the Arizona Department of Corrections. The plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is before the court. In addition, the complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). Rather than conducting the initial review at this time, however, the court will transfer venue of this action to the District of Arizona, as the proper venue.

I. **Application to Proceed** *in Forma Pauperis*

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). It appears from his application that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. His application (ECF No. 2) is therefore **GRANTED**.

Under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's

account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust funds accounts at the Arizona State Prison to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

## II.    Transfer of the Complaint

Having granted the application to proceed as a pauper, the court would ordinarily conduct an initial review of the plaintiff's complaint under the PLRA. It is clear in this case, however, that the complaint was filed in the wrong venue.

Venue for a civil action is governed by 28 U.S.C. § 1391, which requires that a civil action be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b)(1)–(3).

In this case, subsection (b)(1) does not apply, because the defendants do not all reside in the same state. The majority of the named defendants are located in Arizona. The plaintiff is an inmate of the Arizona State Prison, Manzanita Unit, which is located in Tucson, Arizona, and the events allegedly giving rise to this

action likewise occurred in Tucson. It therefore appears that the judicial district in which Tucson is situated is the appropriate venue for this action. Arizona constitutes one judicial district with several divisions, including a division in Tucson. 28 U.S.C. § 82.

Accordingly, the Clerk is directed to **TRANSFER** this action to the United States District Court for the District of Arizona, Tucson Division. 28 U.S.C. § 1406(a). The plaintiff is advised that all future filings should be directed to that court.

The frivolity review required by the PLRA is more appropriately addressed by the transferee court.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE